IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**RONNIE BRYANT and**
**PATRICIA BRYANT**                                                                    **PLAINTIFFS**

**VERSUS**                                              **CIVIL ACTION NO. 1:07cv1126-LG-RHW**

**THE PRIME INSURANCE**
**SYNDICATE, INC.**                                                                    **DEFENDANT**

## ORDER

Before the Court is [173] The Prime Insurance Syndicate, Inc.'s (Prime) motion to compel Plaintiffs to produce the settlement agreement Plaintiffs entered into with their mortgage holders, erstwhile defendants Homecomings Financial LLC (Homecomings) and Residential Funding Company, LLC (RFC). Prime contends the allegations of Plaintiffs' complaint against it overlap with the allegations against the mortgage holders; that Plaintiffs alleged Prime and the mortgage holders were "jointly and severally" liable to Plaintiffs; and that Homecomings and/or its agents may be trial witnesses.

Homecomings and RFC do not oppose production of the agreement so long as the production is subject to [88] the Protective Order previously entered in the case. Plaintiffs object [177] to producing the document, claiming it is irrelevant to any remaining claim or defense in the lawsuit, or to any potential liability of The Prime Insurance Syndicate, Inc. (Prime), the only Defendant left in the case. Plaintiffs alternatively request that should the Court compel production, that it be subject to the Protective Order.

The Court has reviewed the Plaintiffs' complaint, and is of the opinion that the Complaint states separate and distinct claims against Prime (the insurer of Plaintiffs' home) and

Homecomings/RFC (the mortgage holders on Plaintiffs' home).  Plaintiffs' sued Prime for wrongful denial/delay in payment of Plaintiffs' insurance claim for Hurricane Katrina damages to their property.  Claiming that it was economically infeasible to restore and repair their property, Plaintiffs sued the mortgage holders for wrongfully holding insurance proceeds in escrow rather than applying them to the balance of Plaintiffs' debt, for force placing additional insurance on the premises, and for damaging Plaintiffs' credit rating.

The Court is not persuaded that Plaintiffs' general allegations of "joint and several liability" supersede the specific allegations of separate particular acts for which each defendant is claimed to be liable.  The settlement of the claims against the mortgage holders appears to have little relevance to Plaintiffs' insurance claims against Prime; indeed, Prime repeatedly pled in its answer that the allegations of the complaint directed at the mortgage defendants "do not pertain" to Prime.  See, [36], ¶¶ 51-54, 60-62, 66, 71-72, 76, 83-84, 86-88, 90-93, 95-97, and 99-100.  However, Prime has affirmatively pled, among other things, that Plaintiffs' damages were caused or contributed to by others (Ninth Defense), and that Plaintiffs' failed to mitigate their damages (Eleventh Defense).  The Court cannot say the settlement agreement is irrelevant to Prime's defenses, and will require Plaintiffs to produce the settlement agreement subject to the terms of the Protective Order in place in the case.  It is therefore,

**ORDERED** that the motion to compel is granted, and by March 16, 2009, Plaintiffs shall produce the settlement agreement, subject to the Protective Order.

SO ORDERED, this the 10th day of March, 2009.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE