## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **RONNIE BRYANT and** | § | |
| **PATRICIA BRYANT** | § | **PLAINTIFFS** |
| | § | |
| **v.** | § | **Civil Action No. 1:07CV1126-LG-RHW** |
| | § | |
| **THE PRIME INSURANCE** | § | |
| **SYNDICATE, INC.** | § | **DEFENDANT** |

### MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS'
### MOTION FOR REVIEW OF DEFENDANTS' BILL OF COSTS

**BEFORE THE COURT** is the Motion for Review of Defendants' Bill of Costs [247]

filed by the plaintiffs, Ronnie and Patricia Bryant.  The defendant, Prime Insurance Syndicate,

responded in opposition to the Motion, but the Bryants did not file a reply.  Upon reviewing the

submissions of the parties and the applicable law, the Court finds that the Bryants' Motion

should be granted and that the costs taxed to the Bryants should be reduced to $4580.70.

### DISCUSSION

This lawsuit was tried by a jury, who determined that the Bryants should recover nothing.

Judgment was entered in favor of the defendant on January 20, 2010, providing that Prime

recover costs from the Bryants.  On January 25, 2010, Prime filed a Bill of Costs, seeking

$17,473.74 in costs from the Bryants.  The Bill of Costs was accompanied by a Declaration

signed by one of Prime's attorneys, verifying that the costs were necessarily incurred in the case

and that the services for which fees have been charged were actually and necessarily performed.

Costs in the amount of $17,473.74 were taxed against the Bryants on February 8, 2010.  On

February 15, 2010, the Bryants filed the present motion seeking a review of Prime's Bill of

Costs.

Rule 54 of the Federal Rules of Civil Procedure provides that the prevailing party to a lawsuit shall be entitled to recover its costs. The costs that can be imposed under Rule 54 are defined by 28 U.S.C. § 1920, which provides:

A judge or clerk of any court of the United States may tax as costs the following:

(1)    Fees of the clerk and marshal;

(2)    Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3)    Fees and disbursements for printing and witnesses;

(4)    Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5)    Docket fees under section 1923 of this title;

(6)    Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

## A. WHETHER THIS COURT SHOULD DENY COSTS TO PRIME:

The Bryants argue that this Court has discretion to deny costs based on the following five factors: (1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred on the public; and (5) the prevailing party's enormous financial resources. In support of this assertion, the Bryants rely on a Title VII case from the Middle District of North Carolina which held that "[a] court may only deny costs to a prevailing party 'when there would be an element of injustice in a presumptive cost award.'" *Zeuner v. Rare Hospitality Intern., Inc.*, 386 F. Supp. 2d 635, 639-40 (M.D.N.C. 2005) (quoting *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999)).

The Court in *Zeuner* noted that the following factors would justify denial of costs: misconduct on the part of the prevailing party, the losing party's inability to pay, the excessiveness of the costs requested, the limited value of any recovery, or the closeness or difficulty of the issues decided. *Zeuner*, 386 F. Supp. 2d at 640.

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides: "Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Thus, there is a strong presumption that the prevailing party will be awarded costs. *Cheatham v. Allstate Ins. Co.*, 465 F.3d 578, 586-87 (5th Cir. 2006). The Fifth Circuit has not specifically decided whether the factors asserted by the Bryants are sufficient grounds for denying costs to the prevailing party. *See Pacheco v. Mineta*, 448 F.3d 783, 794 n.18 (5th Cir. 2006). However, assuming for the sake of argument that the factors listed by the Bryants are sufficient, the Court finds that the Bryants have not demonstrated that any of those factors are present in this lawsuit. First, the Bryants have not presented any evidence to the Court that they cannot afford to pay the costs assessed or that Prime has "enormous financial resources." Prime pointed out the Bryants' lack of evidence in its response, but the Bryants still failed to file a reply with evidence supporting their assertions. It also should be noted that the Bryants concede that they received a settlement from a co-defendant and they own four acres of land.

Second, the Bryants claim that Prime's alleged misconduct in placing "full and final settlement" on all checks sent to its insureds after Katrina will likely cease due to the Bryants' persistence in filing this lawsuit. The Court finds that any benefit to the public would be minimal at best, particularly since there was testimony at trial that Prime made efforts to resolve the error

concerning the checks soon after Katrina and well before the Bryants filed this lawsuit.  (T. at 748-49).  As a result, the Court finds that the Bryants have not rebutted the strong presumption that Prime is entitled to costs.

**B.  DEPOSITION COSTS**

The Bryants' argue that the Bill of Costs fails to provide copies of invoices concerning depositions, which prevents this Court from determining whether the deposition costs consist of costs that are not recoverable, such as extra copies and condensed transcripts.  The Court finds that Prime cured this defect by attaching copies of the invoices to its response.  *See Int'l Woodworkers of Am. v. Champion Int'l Corp.*, No. WC 78-33-WK-P, 1983 WL 2528 at *1 (N.D. Miss. Aug. 24, 1983).  Furthermore, the Bryants did not file a reply to the response and did not otherwise object or file a Motion to Strike these invoices.  Therefore, the Court will consider the invoices and will not strike the deposition costs on this basis alone.  However, the Court will review the invoices to ensure that the Bill of Costs does not include any deposition-related costs that are not recoverable and will analyze whether the deposition costs were necessary.

"Fees for printed or electronically recorded transcripts necessarily obtained for use in the case" are recoverable pursuant to 28 U.S.C. § 1920.  The Fifth Circuit has held that "[c]osts related to the taking of depositions and the copying of documents are allowed if the materials were necessarily obtained for use in the case."  *Stearns Airport Equip. Co., Inc. v. FMC Corp.*, 170 F.3d 518, 536 (5th Cir. 1999).  "[I]t is not required that a deposition actually be introduced in evidence for it to be necessary for a case – as long as there is a reasonable expectation that the deposition may be used for trial preparation, it may be included in costs."  *Stearns Airport*, 170 F.3d at 536 (citing *Fogleman v. ARAMCO*, 920 F.2d 278, 285-86 (5th Cir. 1991)).  "There must,

however, be some showing that the taking of a particular deposition was reasonably necessary at the time it was taken for the cost of the original deposition to be properly taxable as part of the cost of the action." *S. Surgery Ctr., LLC v. Fid. & Guar. Ins. Co.*, No. 2:07cv181KS-MTP, 2008 WL 5272093 at *2 (S.D. Miss. Dec. 17, 2008).

Prime seeks to recover the costs associated with ten depositions taken of the following people: Prime's appraiser Leonard Quick; plaintiff Ronnie Bryant; Prime employee Doug Murray; the Bryants' appraisal and adjusting expert David Dye; banking expert Kenneth Maynor; the Bryants' banking expert Don Coker; adjuster David Favre; Prime employee David McBride; former Prime employee Michael Horner; and the Bryants' engineering expert David LeBlanc.

### 1. Leonard Quick:

The Bryants do not make a specific objection concerning the necessity of Quick's deposition, and the Court finds that Quick's deposition was necessary, because Quick was the appraiser appointed by Prime, and he testified at trial.  The Court also finds that Prime can recover the entire $275.40 billed for Quick's deposition, since the condensed copy of the deposition was complimentary.

### 2. Ronnie Bryant:

The Court also finds that Bryants' deposition was undisputedly necessary.  However, the $1654.00 assessed for his deposition has not been itemized, and as a result, the Court cannot determine whether Prime was billed for an additional copy.  As a result, the cost of this deposition cannot be recovered.

### 3. Doug Murray:

The Bryants also do not make a specific objection concerning the necessity of Murray's

deposition, and the Court finds that Murray was an important witness who testified on behalf of Prime at trial. The Court further finds that the entire $570.75 billed for his deposition can be recovered, because Prime was only billed for one copy of the transcript.

### 4. David Dye:

The Court also finds that Dye's deposition was undisputedly necessary, because he served as the Bryants' expert concerning the amount of damage to their home at trial. However, the expenses associated with Dye's deposition include the court reporter's travel fees, per diem, a CD ASCII, and postage, which are not recoverable under 28 U.S.C. § 1920. *See Murphy v. United States*, No. 3:00-CV-1807-M, 2002 WL 2030860 at *1 (N.D. Tex. Sept. 3, 2002); *United States v. Davis*, 87 F. Supp. 2d 82, 90 (D. R. I. 2000). Therefore, the costs associated with Dye's deposition will be reduced to $761.00, which reflects $696.00 for the transcript, $35.00 for the exhibits, and $30.00 for reading and signing of the deposition.

### 5. Kenneth Maynor:

The Bryants argue that Maynor's deposition was not necessary, because he was a banking expert whose testimony pertained to the Bryants' claims against a co-defendant that were settled well before trial. Prime counters that Maynor's testimony was utilized by Prime's attorneys as they prepared an important aspect of its defense– whether the Bryants' mortgage company caused all of the Bryants' damages. Prime argues that its attorneys utilized this deposition when structuring its questions to witnesses and its arguments to the jury. As a result, the Court finds that Prime has demonstrated that Maynor's deposition was necessary. The Court further finds that the entire cost for Maynor's deposition – $426.10 – is recoverable.

The Court rejects the Bryants' argument that the cost of Maynor's deposition is not

taxable because Prime could have obtained the transcript from its co-defendant, Homecomings. Homecomings and Prime were antagonistic in this lawsuit. In fact, as explained previously, Prime blamed Homecomings for all of the Bryants' damages. "[T]he costs of obtaining copies will be awarded [to] each defendant where their respective interests are not the same and they are represented by separate counsel." *Home Builders Assoc. of Miss. v. City of Madison, Miss.*, 191 F.R.D. 515, 519 (S.D. Miss. 1999).

### 6. Don Coker:

Portions of Coker's deposition were read to the jury, and therefore the deposition was necessary. The Court further finds that the entire $701.90 assessed for Coker's deposition is recoverable because the cost only pertained to the transcript.

### 7. David Favre:

Favre was the initial adjuster retained by Prime to inspect the Bryants' home, and therefore, his deposition was certainly necessary to this case. Furthermore, the Bryants have not specifically objected to the necessity of this deposition. The costs associated with the copy of the transcript ($138.00) and the reproduction of the exhibits to the deposition ($34.55) total $172.55. The cost of postage is not taxable.

### 8. David McBride:

The necessity of McBride's deposition has not been specifically disputed, and he was an essential witness who testified at trial regarding the handling of the Bryants' claim. The Court will exclude the cost of the condensed transcript, the ASCII CD, and the postage. The cost for the copy of the transcript ($342.50) and the cost for exhibit reproduction ($34.20) total $376.70.

**9.  Michael Horner:**

The Bryants have not asserted a specific objection to the necessity of Horner's deposition. He was a former Prime employee who assisted in the handling of the Bryants' claim, and he testified at trial.  The entire cost of his deposition in the amount of $391.50 is taxable, since the cost only pertained to one copy of the transcript.

**10.  David LeBlanc:**

LeBlanc's deposition was necessary, since he inspected the Bryants' home and served as their engineering expert.  However, the invoice concerning his deposition was not itemized, and it is unclear how must of the cost pertained to extra copies and postage.  Therefore, the cost of his deposition is not taxable.

## C.  TRIAL TRANSCRIPT COSTS

Prime seeks $6100.00 for real-time reporting and daily transcripts of the trial of this matter.  A court must find that daily transcripts were necessarily obtained for use in the case rather than for the convenience of the parties in order to award costs for this service. *Studiengesellschaft Kohle v. Eastman Kodak Co.*, 713 F.2d 128, 133 (5th Cir. 1983); *Zapata Gulf Marine Corp. v. P. R. Mar. Shipping Author.*, 133 F.R.D. 481, 484 (E.D. La. 1990); *Card v. State Farm Fire & Cas. Co.*, 126 F.R.D. 658, 660 (N.D. Miss. 1989).

Real time reporting and daily transcripts were not necessary to Prime's ability to participate in the trial of this case, particularly since Prime had at least three attorneys in attendance at the trial who could have taken notes.  Additionally, the trial was not so complicated as to necessitate the use of real time reporting and daily transcripts.  As such, the daily transcripts and real time reporting were merely a convenience to Prime, and Prime is not entitled to

reimbursement for these costs.

## D.  PHOTOCOPYING CHARGES

### 1.  Proper Rate for In-house Copies

The Bryants argue that all of Prime's in-house copies should be reduced from $0.25 to $0.15.  The Fifth Circuit has not established a specific rate at which in-house copies should be assessed, but in one case, the Fifth Circuit remanded the case for a determination as to the actual cost to the law firm of making the copies or the cost of obtaining copies on the open market. *Fogleman*, 920 F.2d at 287.  In the present case, neither party has submitted evidence supporting or refuting the $0.25 charge.

Nevertheless, the United States District Court for the Middle District of Louisiana has performed a thorough analysis of the copying rates found reasonable by federal courts, and determined that most courts deemed a range of $0.10 to $0.25 per page as reasonable, with most courts adopting a $0.10 to $0.15 copying rate.  *Sigur v. Emerson Process Mgmt.*, No. 05-1323-A-M2, 2008 WL 1908590 at *6 (M.D. La. Feb. 21, 2008).  As a result, the Court in *Sigur* awarded copying costs at a median rate of $0.15 per page.  *Sigur*, 2008 WL 1908590 at *6.  This Court agrees that a copying rate of $0.15 is most reasonable.  As a result, the Court will tax the copying costs at a rate of $0.15 per page.

### 2.  Specific Objections to Photocopying Charges

"[R]eproductions necessarily obtained for use in the case are included within taxable costs, provided that the prevailing party demonstrates that necessity."  *Fogleman*, 920 F.2d at 286.  "However, the court will not allow photocopying charges for convenience, preparation, research, or records of counsel.  The party seeking to recover these costs must show that the

copies were necessary and provided either to the court or the opposing party." *Home Builders Assoc.*, 191 F.R. D. at 519 (*citing Eastman Kodak*, 713 F.2d at 133). "Multiple sets of relevant documents may not be charged to an opponent, but, a district court may award a litigant the cost of preparing a single set of documents in the case." *Id.* at 520 (*citing Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 536 (5th Cir. 1999). The Bryants have objected to almost all of the reproduction charges claimed by Prime. The Court will discuss each set of documents separately:

**Item 12– 12/17/07 Copies of Initial Discovery Disclosures– 860 pages:**

The Bryants claim that Prime's Disclosures were only 174 pages in length. Prime does not dispute this calculation but claims that one copy had to be made so that the documents could be bate-stamped and two additional copies had to be made so that the documents could be provided to the Bryants and its co-defendant, Homecomings. However, approximately 338 pages are unaccounted for. Furthermore, as explained previously, only one set of documents can be taxed to the opposing party. Therefore, Prime is entitled to reimbursement for 174 copies at $0.15 each, totaling $26.10.

**Item 13 – 3/7/08 Copies of Correspondence to Plaintiffs and Expert Reports– 141 pages:**

Prime explains that these were copies provided to it by its counsel, so that Prime's representatives could remain informed. The Court finds that these copies were for Prime's convenience only and therefore are not recoverable.

**Item 14 – 4/10/08 Copies of Designation of Experts**

Prime claims that these costs are reasonable because copies of its Designation of Experts were provided to Prime by its counsel, to Homecomings, and to the Bryants. No further

explanation has been provided. The Designation of Experts [44] contained in the record of this matter is only three pages in length, but Prime seeks to recover for 48 pages. The document was electronically filed in the record, and therefore, no copies are necessary.

**Item 15 – Copies of Responses to Discovery Propounded by Plaintiffs**

The Bryants argue that the discovery responses were forty pages in length, but Prime seeks 389 pages of copies. Once again, Prime does not dispute the length asserted by the Bryants, but it claims three additional copies for bates-stamping and production to the other parties. Once again, numerous pages are unaccounted for by this explanation. Furthermore, only one copy can be taxed. Therefore, Prime is entitled to recover for forty pages at the rate of $0.15, totaling $6.00.

**Items 16 and 17 – Copies of Exhibits to Motion for Summary Judgment**

The Bryants argue that these Items cannot be taxed because Prime's Motion for Summary Judgment was only granted as to the punitive damages claim and was denied in all other respects. However, Prime is the prevailing party in this lawsuit and is entitled to all copying costs necessarily incurred in the case.

Although Prime electronically filed the exhibits, the Court finds that it was necessary to copy the exhibits so that they could be labeled and scanned. Prime filed 147 pages of exhibits. These pages shall be taxed at $0.15 each, for a total of $22.05.

**Item 18 – Copy of *Veasley* Decision and Commentary**

This is a research cost that is not recoverable. *See Home Builders Assoc.*, 191 F.R.D. at 519. Therefore, Prime cannot recover for these copies.

**Item 19 – Exhibits for Production of Documents**

This request has been withdrawn by Prime.  Thus, this cost will not be assessed.

**Item 20 – Copies of Compact Discs and DVDs produced by counsel for the Bryants**

The Court finds that the $89.60 cost of obtaining compact discs and DVDs produced by

the Bryants are recoverable as exemplification costs under 28 U.S.C. § 1920.  The compact discs

contained the Bryants' photographs and the DVDs contained video obtained by the Bryants.

**Items 21 through 25 – Copies of Exhibits to Depositions**

The Court permitted Prime to recover the costs of exhibits that accompanied the

transcript of each deposition.  Prime will not be permitted to recover additional costs for the

same exhibits.  Furthermore, exhibits that were not utilized in the depositions will not be taxed to

the Bryants, since Prime has not demonstrated the necessity of those exhibits.  Therefore, the

costs claimed in Items 21 through 25 will not be taxed to the Bryants.

**Item 26 – Copies of Exhibits to the Motion to Compel**

The Bryants have not objected to the necessity of this assessment, and thus, this charge

will be taxed at the reduced rate of $0.15.

**Items 27, 33, 35, 41, 51 – Scanning of Trial Exhibits**

The Court finds that scanned copies of exhibits constitute "exemplification" as that term

is used in 28 U.S.C. § 1920.  The Court further finds that the reproduction of trial exhibits is

taxable as a necessary cost.  Therefore, these expenses will be taxed to the Bryants.

**Items 28, 29, 30, 31, 34, 36, 37, 39, 40, 43, 44, 45, 49, 50, 52, 53 – Copies of Trial Exhibits**

Prime asserts that these items constitute copies of exhibits it expected to use at trial as

well as the Bryants' proposed exhibits.  Prime argues that it needed multiple copies for its

witnesses and attorneys to utilize throughout the two-week trial. Under these circumstances, the

Court finds that the trial exhibits were necessary for use in the case and can be recovered.

However, for the reasons stated previously the rate of copies will be reduced to $0.15 per page.

**Item 32 Copies of the Bryants' Photographs Proposed as Exhibits**

The Court has previously allowed Prime to recover for the cost of preparing compact

discs of these photographs. Thus, the Court finds that additional copies of these photographs

would constitute a mere convenience, rather than a necessity. Prime will not be permitted to

recover the cost of these photographs.

**Items 38, 42, and 48 – Enlargements of Trial Exhibits**

The Fifth Circuit has held that the costs associated with enlargements or "blow-ups" of

trial exhibits are not recoverable under 28 U.S.C. § 1920. *Coats v. Penrod Drilling Corp.*, 5 F.3d

877, 891 (5th Cir. 1993). These enlargements are merely duplicates of exhibits admitted into

evidence that serve as a mere convenience for counsel. Furthermore, the technology available in

the courtroom where this case was tried permitted the parties to publish any exhibit to the jury

and witnesses on monitors without any additional cost. Therefore, the costs associated with

enlargements will not be permitted.

**Items 46 and 47 – Copies of Harrison County Court Files Concerning the Bryants'**
**Complaints against Homecomings**

The Bryants do not object to these costs. Therefore, these costs will be permitted.

**Item 54 – Expert Fees Concerning Deposition of David Dye**

Prime wishes to recover the witness fee assessed by the Bryants' expert David Dye in the

amount of $1048.70. Prime states that this charge pertains to Dye's deposition appearance fee.

"[A] federal court may tax expert witness fees in excess of the . . . limit set out in [28 U.S.C.] §1821(b) only when the witness is court-appointed."  *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987).  The attendance fee permitted pursuant to 28 U.S.C. § 1821(b) is $40.00 per day.  Prime has not submitted any evidence that the deposition lasted more than one day or that it was billed for travel or other expenses incurred by Dye.  Therefore, Prime will only be permitted $40.00 in reimbursement for Dye's appearance at the deposition.

**Item 55 – Cost of Mediation**

The cost of court-ordered mediation is not included in the list of recoverable costs pursuant to 28 U.S.C. § 1920, and thus, this cost cannot be taxed to the Bryants.  *See Cook Children's Med. Ctr. v. New England Pro Plan of Gen. Consol. Mgmt., Inc.*, 491 F.3d 266, 277 (5th Cir. 2007).

### CONCLUSION

Prime's recoverable costs are reduced to: $3675.90 for transcript costs, $40.00 in witness fees, and $864.80 in exemplification and copying costs.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Review of Defendants' Bill of Costs [247] filed by the plaintiffs, Ronnie and Patricia Bryant, is **GRANTED**.  The costs assessed to the Bryants are reduced to $4580.70.

**SO ORDERED AND ADJUDGED** this the 27th day of April, 2010.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

-14-